# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| THE REYNOLDS & REYNOLDS COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:20-mc-0003-STA |
| ALAN VINES AUTOMOTIVE OF JACKSON, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING RESPONDENT'S MOTION TO STRIKE

Before the Court is Respondent Alan Vines' Motion to Strike (ECF No. 14) filed August 14, 2020. Plaintiff The Reynolds & Reynolds Company, Inc. ("Reynolds") has responded in opposition, and Vines has filed a reply. For the reasons set forth below, Vines' Motion is **DENIED**.

## BACKGROUND

Reynolds obtained a judgment in 2019 against Alan Vines Automotive of Jackson, LLC ("Alan Vines Automotive") in the United States District Court for the Southern District of Ohio. Reynolds has registered its judgment in the Western District of Tennessee and is now pursuing post-judgment discovery to ascertain whether its judgment-debtor holds any assets in this District. On July 29, 2020, Reynolds filed a Rule 37 motion to compel (ECF No. 11) Alan Vines Automotive to provide responses to Reynolds' requests for production. Alan Vines, the registered agent for Alan Vines Automotive, responded in opposition.

Vines separately filed the Motion to Strike now before the Court, arguing that the Court

1

should strike certain statements from Reynolds' memorandum in support of its motion to compel. Vines specifically requests that the Court strike paragraphs 3, 4, 5, and 6 from Reynolds' brief. Vines objects to the statements because he argues they imply he engaged in fraudulent conduct as part of the sale of Alan Vines Automotive in 2018. Reynolds answers that the statements in question are primarily quoted excerpts from Vines' deposition testimony given in August 2019.[1] According to Reynolds, the excerpts constitute admissions from Vines about how the parties structured the transaction in which Alan Vines Automotive sold its auto dealerships to Allen Samuels Holdings, Inc. in November 2018. Rule 12 governs motions addressed to the pleadings, and Rule 12(h) deals specifically with motions to strike allegations from pleadings. Reynolds' motion to compel is not a "pleading." Therefore, Reynolds argues the Motion to Strike lacks merit. Vines has filed a reply brief, clarifying that he filed his Motion on his own behalf and not on behalf of Alan Vines Automotive. Vines argues that Reynolds has used its motion to compel to make unwarranted allegations about him personally. Therefore, striking these extraneous claims from Reynolds's brief is proper.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The language of Rule 12(f) is permissive and not mandatory. The Sixth Circuit has consistently stated that Rule 12(f) motions to strike "are viewed with

---

[1] Reynolds argues as a procedural matter that Vines' Motion to Strike failed to comply with the Local Rules because counsel for Vines did not consult with counsel for Reynolds before filing the Motion. Local Rule 7.2 requires a moving party to consult with opposing counsel about the relief sought prior to filing a motion for a court order. Local R. 7.2(a)(1)(B). But the consultation requirement does not apply to motions filed under Federal Rules of Civil Procedure 12, 56, 59, or 60. *Id.* Because Vines' Motion to Strike requests relief under Rule 12(f), the

disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted).  A motion to strike serves the purpose "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case.  *Id.* (citing *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)).  As such, a court should grant a motion to strike "if it appears to a certainty that [the moving party] would succeed despite any state of the facts which could be proved in support of the [claim for relief or] defense and are inferable from the pleadings."  *Id.* (citing *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)).  Generally, "courts should not tamper with the pleadings unless there is a strong reason for so doing."  *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 354 (S.D.N.Y. 2016) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

## ANALYSIS

The Court holds that Vines has not satisfied the elevated standard for striking pleadings.  Vines' Motion to Strike does not actually test the sufficiency of "a pleading" at all.  Vines asks the Court to strike certain paragraphs from Reynolds' motion to compel.  However, Vines has cited no authority to support his request, and granting such relief would be contrary to the Federal Rules of Civil Procedure.  Rule 12(f) permits a court to strike inappropriate matters from "a pleading."  Fed. R. Civ. P. 12(f).  For purposes of the Federal Rules of Civil Procedure, a motion and its contents are not "a pleading."  Fed. R. Civ. P. 7(a) & (b) (listing the "pleadings" allowed under the Rules and separately defining the elements and requirements for "a motion"); *see also Reed v. City of Memphis, Tenn.*, 735 F. App'x 192, 197 (6th Cir. 2018) (holding that an affidavit is not a Rule 7(a) "pleading" and therefore not subject to a motion to strike under Rule

---

consultation requirement did not apply in this instance.

12(f)); *Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."). Therefore, the Motion to Strike must be **DENIED**.

  **IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            CHIEF UNITED STATES DISTRICT JUDGE

            Date: September 28, 2020.