# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| THE REYNOLDS & REYNOLDS COMPANY, INC., | ) ) ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 1:20-mc-0003-STA |
| | ) | |
| ALAN VINES AUTOMOTIVE OF JACKSON, LLC, | ) ) ) | |
| **Defendant.** | ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

Plaintiff The Reynolds & Reynolds Company, Inc. ("Reynolds") obtained a judgment in 2019 against Alan Vines Automotive of Jackson, LLC ("Alan Vines Automotive") in the United States District Court for the Southern District of Ohio. Reynolds has registered its judgment in the Western District of Tennessee and is now pursuing post-judgment discovery to ascertain whether its judgment-debtor holds any assets in this District. Before the Court is Reynolds' Motion to Compel (ECF No. 11) filed July 29, 2020. Reynolds seeks a court order compelling Alan Vines Automotive to provide responses to requests for production Reynolds served in March 2020. Alan Vines, the registered agent for Alan Vines Automotive, has responded in opposition, and Reynolds has filed a reply brief.[1] For the reasons set forth below, Reynolds'

---

[1] Vines filed his response in opposition on August 14, 2020. Reynolds' certificate of service states that it served Alan Vines with a copy of the Motion to Compel by means of certified mail at Vines' last known address on July 29, 2020. In its reply brief, Reynolds contests the timeliness of Vines' response. Under Local Rule 7.2, a non-moving party has 14 days after service in which to respond to a motion. Local R. 7.2(a)(2). Federal Rule of Civil Procedure 6(d) adds three (3) days to the time to act when a party must act within a specified time after

Motion is **GRANTED**.

## BACKGROUND

On January 20, 2020, Reynolds registered a foreign judgment for enforcement in this Court pursuant to 28 U.S.C. § 1963.[2]   According to the registration (ECF No. 1), Reynolds obtained a final judgment against Alan Vines Automotive in the Southern District of Ohio, case no. 3:19-cv-00276-TMR.  By way of background, Reynolds explains that at one time Alan Vines Automotive operated six new car dealerships in Jackson, Tennessee.  In November 2018, Alan Vines Automotive sold the dealerships to Allen Samuels Holdings, Inc. ("Allen Samuels Holdings").  The parties to the transaction structured it in such a way that Allen Samuels Holdings paid the consideration for the dealerships[3] to ALV Properties, an apparent real estate partnership between Alan Vines and his wife Lori Vines.  Allen Samuels paid ALV Properties the sum of $7.5 million; Alan Vines Automotive, a Tennessee limited liability company with its own separate legal existence, received nothing.  The sale left Alan Vines Automotive with no assets and unable to pay Reynolds, its largest creditor.  As evidentiary support for these contentions, Reynolds has introduced excerpts of the transcript of Vines' testimony during an

---

being served and service is accomplished by mail.  Fed. R. Civ. P. 6(d).  And Rule 6(a)(1)(C) states that when computing time under the Federal Rules of Civil Procedure or any local rule of court and the last day of a period to act falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).  Reading all of these rules together, Vines had until Monday, August 17, 2020, in which to make a response to the Motion to Compel.  So, the Court finds that his brief was filed within the time allowed.

[2] Plaintiff actually filed its registration as a new civil action, which was opened as civil case no. 1:20-cv-01027-STA.  The Clerk of Court subsequently closed the new case and opened the registration as miscellaneous action no. 1:20-mc-0003-STA.

[3] During his deposition, Vines described the assets conveyed to Allen Samuels as the dealerships' goodwill and franchise points with the auto manufacturers.

August 2019 deposition.  Vines admitted at his deposition that the $7.5 million purchase price paid by Allen Samuels Holdings for the auto dealerships went to ALV Properties and that following the sale Alan Vines Automotive was insolvent.

Reynolds attached to its registration a copy of the judgment (ECF No. 1-2) issued by the Southern District of Ohio on December 13, 2019, in which that Court confirmed an arbitration award in Reynolds' favor along with an award of attorney's fees and arbitration expenses in the total amount of $522,738.74, plus interest at the rate of 5% per annum from March 15, 2019.  On February 20, 2020, Reynolds filed a motion for discovery (ECF No. 4) in aid of execution of its judgment.  Reynolds stated in support of its motion that Alan Vines Automotive had previously conducted business in the Western District of Tennessee.  Although the company had ceased business operations, Reynolds believed that Alan Vines Automotive might still have assets in this District, which could be seized or attached to satisfy the judgment against it.  Before Reynolds could attempt to execute its judgment, however, Reynolds needed additional discovery to determine what assets or income Alan Vines Automotive might have for execution or garnishment.  Plaintiff sought a court order to serve written discovery on Alan Vines Automotive or third parties to assist in the execution of its judgment.  The Court granted Plaintiff's request for discovery on March 9, 2020.

Reynolds served Alan Vines Automotive with post-judgment discovery requests on March 20, 2020, through its registered agent for service of process, Alan Vines.[4]  Reynolds now

---

[4] Plaintiff also served the discovery requests on attorney Dan Huffstetter who represented Alan Vines Automotive in the underlying suit in the Southern District of Ohio.  According to the Motion to Compel, Huffstetter responded to counsel for Reynolds that he did not represent Alan Vines Automotive in this matter and would not be entering an appearance.  The Court notes that Huffstetter has now signed briefs filed on behalf of Alan Vines individually, though counsel has

seeks a court order compelling Alan Vines Automotive to respond to the requests for production. Reynolds argues that Alan Vines Automotive has not answered its requests for production and the time to do so has long since expired.  Under Rule 69 of the Federal Rules of Civil Procedure, the standard for post-judgment discovery is broad.  So, to the extent that Alan Vines Automotive will not respond, the Court should permit Reynolds to pursue its discovery from Vines himself. Vines is not only the company's registered agent for service of process but also the president and sole member of the company.  Vines and his wife are the only partners in ALV Properties.  And to the extent that Vines has not responded to Reynolds' written discovery requests before now, Reynolds argues that the Court should consider sanctions and an award of Reynolds' reasonable attorney's fees.  Therefore, the Court should compel responses to the post-judgment discovery.

Vines has responded in his individual capacity and not on behalf of Alan Vines Automotive.  Vines concedes that ALV Properties sold the real property where Alan Vines Automotive operated its dealerships to Allen Samuels Holdings in November 2018.  But Vines denies that the LLC held any assets.  In the auto industry, a dealership does not actually own a franchise; upon the sale of a dealership, the franchise reverts to the franchisor-manufacturer. Vines further admits that Reynolds prevailed in an arbitration proceeding against Alan Vines Automotive, which established the amount of contractual damages to which Reynolds was entitled.  Vines explains that Alan Vines Automotive had a long-term business relationship with Reynolds to lease financial accounting software.  According to Vines, Alan Vines Automotive has since been dissolved as a Tennessee limited liability company.  The company's final tax

---

not actually filed a notice of appearance in the case.  *See* Vines' Resp. to Mot. to Compel, Aug. 14, 2020 (ECF No. 13); Vines' Mot. to Strike, Aug. 14, 2020, (ECF No. 14), Vines' Mot. for Leave to File Reply, Aug. 28, 2020 (ECF No. 22).

returns with the Internal Revenue Service and the State of Tennessee show that it had no assets. Vines maintains that at the time of its organizational dissolution, Alan Vines Automotive was insolvent.

On the merits of Reynolds' Motion to Compel, Vines argues that Reynolds has not shown why it needs discovery responses from Vines.  Vines argues that as a practical matter, Reynolds has access to all of Alan Vines Automotive's financial information.  The information is stored and organized in the financial software Reynolds leased to the company.  Vines further argues that Reynolds caused subpoenas to issue as to third parties who provided professional legal and accounting services in connection with the sale of the dealerships.  Reynolds cannot show then that it needs any further information from Vines.  Vines also challenges line-by-line several of the factual allegations contained in Reynolds' Motion to Compel.  For example, Reynolds posits that Alan Vines Automotive had cash flow of $37 million to $39 million in its final years of operation.  Vines counters that the company had gross sales in these amounts for the years 2014 to 2017, not free cash flow.  Vines also points out that two appraisals were obtained on the real property, both of which valued the property in excess of the $7.5 million Allen Samuels Holdings paid for it, before ALV Properties conveyed the land to Allen Samuels Holdings in 2018.  Vines claims that Reynolds is improperly using the post-judgment discovery process to pursue recovery from Vines in his personal and individual capacity.

Reynolds has, with leave of court, filed a short reply brief.  Reynolds denies that its proprietary software gave it access to any of the financial data of Alan Vines Automotive.  In fact, Vines' response shows that a number of material facts related to the post-judgment discovery process remain in dispute.  For his part Vines makes a number of claims contesting facts cited by Reynolds in its opening brief.  Vines has not, however, offered any evidence to

support his version of events.  Engaging in discovery will give both parties the opportunity to test Vines' assertions about Alan Vines Automotive and its financial condition.

## JURISDICTION

District courts generally have "ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments-including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances."  *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).  Otherwise, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Id*.  "Supplementary proceedings are therefore essential to enforcing the judgments of the federal courts."  *Virgo v. Riviera Beach Assocs. LTD*, 20 F. App'x 348, 351 (6th Cir. 2001) (citation omitted).

Under 28 U.S.C. § 1963, a judgment creditor may register one district court's judgment in an action for money damages by filing a certified copy of the judgment in any other district court, thereby giving the registered judgment "the same effect as a judgment of the district court of the district where registered."  28 U.S.C. § 1963; *see also Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 235 n.8 (1998) ("Congress has provided for the interdistrict registration of federal-court judgments for the recovery of money or property."); *Lewis v. United Joint Venture*, 691 F.3d 835, 841 (6th Cir. 2012).  The act of registration is not merely a procedural device for the collection of the foreign judgment; registration creates an altogether new judgment to be given the same effect as any other judgment entered by the registering court.  *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) (citing *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965)); *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974).  The

6

Sixth Circuit has held that section 1963 grants by implication "inherent powers to the registering court to enforce those judgments." *Condaire*, 286 F.3d at 357.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 69 governs the enforcement and execution of money judgments and allows a judgment creditor to obtain additional discovery from either the judgment debtor or third parties to aid in execution of the judgment. Fed. R. Civ. P. 69(a)(2). The Supreme Court has described Rule 69's post-judgment discovery process as "quite permissive." *Rep. of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). Rule 69 allows the judgment creditor to pursue discovery by any of the means permitted in the Federal Rules of Civil Procedure or by procedures provided by the state where the district court sits. *Id.*; *see also* 12 C. Wright, A. Miller, & R. Marcus, *Federal Practice and Procedure* § 3014, p. 160 (2d ed. 1997) (noting that a court "may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held"). The Sixth Circuit has held that procedures on execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Avant Capital Partners, LLC v. Strathmore Devel. Co. Mich., LLC*, 703 F. App'x 362, 369 (6th Cir. 2017) (citing Fed. R. Civ. P. 69(a)(1)). This means a judgment creditor "is entitled to utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties and non-parties alike." *United States v. Edmond*, No. 2:13-cv-02938-STA-tmp, 2016 WL 11543254, at *4 (W.D. Tenn. June 27, 2016) (quoting *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D.N.Y. 1977) (other citation omitted)).

Under federal procedural rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." Fed. R. Civ. P. 26(b)(1).  The following considerations guide the Court's determination of whether information is discoverable: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*

**ANALYSIS**

The issue presented is whether the Court should compel Alan Vines Automotive to respond to post-judgment discovery requests propounded by Reynolds.  Reynolds holds a final judgment for monetary relief against Alan Vines Automotive and has taken the proper steps to register the judgment in this District.  Reynolds filed a motion for leave of court to pursue post-judgment discovery in aid of its execution of the judgment to assess whether the judgment debtor had any assets or property available in this District to satisfy the judgment.  After the Court granted Reynolds' request to pursue discovery, Reynolds served Alan Vines Automotive through its registered agent, Alan Vines, with 97 separately numbered requests for production on March 20, 2020.

Federal Rule of Civil Procedure 34 permits a party to serve on any other party a request within the scope of Rule 26(b) to produce specified documents or electronically stored information "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1)(A).  Reynolds' requests for production (ECF No. 13-1) sought the production of specific tax returns, bank records, and financial statements for the last five years prepared on behalf of Alan Vines Automotive but also on behalf of non-parties Alan Vines Holdings, Inc. and ALV Properties.  The requests for production also sought a release to obtain federal income tax returns prepared for the organizations and non-parties Alan Vines, Lori Vines, and Jeremy

8

Vines.  Reynolds further requested several categories of documents and communications related to the sale of the auto dealerships to Allen Samuels Holdings.

Alan Vines Automotive's responses to the requests were due no later than April 20, 2020. Fed. R. Civ. P. 34(b)(2)(A) (giving a party 30 days after being served with requests for production to respond).  When Alan Vines Automotive did not respond to Reynolds' requests for production, Reynolds filed its Motion to Compel.  Fed. R. Civ. P. 37(a)(3)(B) ("A party requesting the production of documents may seek a court order compelling production if a party fails to produce documents . . . as requested under Rule 34.").  By that time, Alan Vines Automotive's responses to the requests for production were more than three months past due.  At no time prior to Reynolds' filing its Motion to Compel did Vines, individually or on behalf of Alan Vines Automotive, seek a protective order, request more time to prepare a response, or make any other objection to the relevance, scope, or proportionality of Reynolds' requests.  *See* Tenn. Code Ann. § 48–245–1201 ("After an LLC has been terminated, any of its former managers, governors, or members may assert or defend, in the name of the LLC, any claim by or against the LLC."); § 48–245–302(d) ("The administrative dissolution of an LLC does not terminate the authority of its registered agent.").

Under the circumstances, the Court finds that Reynolds' Motion to Compel is well taken and should be granted as to all of Reynolds' requests for production addressed to Alan Vines Automotive.  Alan Vines Automotive has waived any objection to the requests for production by failing to make a timely response.  A responding party waives any objections to Rule 34 requests for production if the party fails to raise objections within the 30-day time limit to make a response.  *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. Mar. 19, 2018) (holding that Rule 33's time limit for objections to written interrogatories applies

to Rule 34 requests for production); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"); *Marks v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (same); *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). Vines has not shown why Alan Vines Automotive failed to respond to the requests within the time required by the Federal Rules of Civil Procedure or what cause exists for the Court to excuse its failure.  Therefore, the Court hereby compels Alan Vines Automotive to respond to Reynolds' requests for production.

Vines, acting in his individual capacity and not as an agent or member of Alan Vines Automotive, opposes Reynolds' Motion to Compel on the grounds that Alan Vines Automotive is no longer an active Tennessee business organization.  Vines adds that at the time of its dissolution, the company was insolvent.  But these were objections Alan Vines Automotive should have raised within the time allowed under Rule 34 for making objections to the discovery. For the reasons the Court has already explained, Alan Vines Automotive has now waived any objections to the requests for production.  Even if Vines had raised them in a timely fashion, the Court finds Vines' argument unconvincing.  Under Tennessee law, the dissolution of an LLC may occur in a number of ways.   Tenn. Code Ann. § 48–245–101(a) (listing events of dissolution); § 48–245–201 *et seq.* (nonjudicial dissolution); § 48–245–301 *et seq.* (administrative dissolution).  According to the Tennessee Secretary of State's publicly available business records, Alan Vines Automotive was dissolved administratively, effective August 6, 2019.   Under Tennessee law, "[a]n LLC administratively dissolved continues its existence but may not carry on any business except that necessary to wind up and liquidate its business and

10

affairs under § 48–245–501 and notify claimants under § 48–245–502." § 48–245–302(c). The LLC only ceases to exist upon the filing of articles of termination. § 48–245–305(b)(2). Based on these provisions of the Tennessee Limited Liability Company Act, Alan Vines Automotive may have been administratively dissolved. However, it is not clear to the Court that the company has filed articles of termination. In any event, the Court finds it unnecessary to decide what legal effect Alan Vines Automotive's administrative dissolution has on Reynolds' pursuit of post-judgment discovery.

Reynolds does not specifically contest Vines' claim that Alan Vines Automotive was dissolved or even that the company had no assets at the time of its dissolution. Reynolds argues that there is evidence Vines sold Alan Vines Automotive's assets to Allen Samuels Holdings for no consideration and diverted all of the proceeds of the sale to ALV Properties, Vines' real estate partnership with his wife. Reynolds is pursuing post-judgment discovery to determine what assets Alan Vines Automotive had prior to the sale and how those assets were distributed before the LLC's dissolution. Reynolds' request for documents for the previous five years underscores the fact that its inquiry concerns Alan Vines Automotive's financial position while it was still a going concern, not its current inactive status or its insolvency at the time of its dissolution. Vines' claims about Alan Vines Automotive's dissolution or its financial condition at the time he wound down the LLC are not entirely relevant.

Vines' brief can be read to make an additional objection to Reynolds' requests for production, again a point that Alan Vines Automotive has now waived. Vines argues that the information sought in the requests for production is available to Reynolds from other sources: discovery taken as part of the case in the Southern District of Ohio, information received by subpoena from third parties, and access to information Alan Vines Automotive would have

11

entered as data inputs and used in the financial software it leased from Reynolds.   Even if the objection had not been waived, Vines has not shown with specificity what documents or information Reynolds has already obtained or could obtain from another source.

Under Rule 26, a Court "must limit" the scope of discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or when the party "seeking discovery has had ample opportunity to obtain the information" sought.   Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii). It is true that Reynolds had the opportunity to depose Vines (and presumably obtain other discovery) during the underlying suit in the Southern District of Ohio.   However, other than to assert that Reynolds conducted discovery in the underlying suit, Vines has not actually demonstrated what documents Reynolds already has in its possession, either as part of the arbitration or in the judicial proceedings to confirm the arbitration award.   Likewise, it is true Reynolds has served third-party subpoenas as part of its post-judgment discovery.   Upon inspection, though, Reynolds' requests to the third parties appear to concern the negotiation and sale of Alan Vines Automotive's auto dealerships to Allen Samuels Holdings in 2018.   The requests for production arguably seek some of the same information but clearly go much further than just to request information related to the sale.   Vines has not shown with particularity what specific information Reynolds already had "ample opportunity" to obtain from these other sources.

And the Court can quickly dispose of Vines' argument that Reynolds can get some of the information it seeks from the software used as part of Alan Vines Automotive's business operations.   Request for Production Number 8 specifically seeks "all electronic accounting data created or maintained in the last five (5) years in native format" for Alan Vines Automotive.

Reynolds' Req. for Production No. 8 (ECF No. 13-1).  Vines' argument is nothing more than a supposition about what information Reynolds stored and maintained on behalf of Alan Vines Automotive.  Reynolds denies that it actually has this information in its possession or that it ever had access to it.  Vines has not shown then that the information is available from another source.

For each of these reasons, Reynolds' Motion to Compel will be granted but only in part.  Even though Reynolds is entitled to an order compelling responses from Alan Vines Automotive, Reynolds has not shown why the Court should compel Alan Vines Automotive to produce documents and information concerning other companies or individuals named in the requests for production, none of whom are parties to this action.  In its opening brief, Reynolds requested that in the event Alan Vines Automotive failed to respond to the Motion to Compel, the Court should order Alan Vines to show cause for the failure and permit Reynolds to pursue discovery from Vines directly.

But Reynolds' requests for production seek more than just discovery from Alan Vines Automotive or Alan Vines in his individual capacity.  Reynolds has requested information about Alan Vines Holdings, Inc.; ALV Properties; and Lori Vines and Jeremy Vines in their individual capacities.  Dozens of the requests for production seek information about Alan Vines Automotive as well as Alan Vines Holdings, Inc. and ALV Properties.  Several requests seek documents from the Vines family.  For example, Reynolds' Request for Production Number 6 asks Alan Vines Automotive to "produce an executed Form 4506 for the Department of Treasury Internal Revenue Service in order to allow Reynolds to secure income tax returns and all papers filed with the Internal Revenue Service for the last five (5) years" for each of the companies as well as Alan Vines, Lori Vines, and Jeremy Vines.  Reynolds' Req. for Production No. 6 (ECF No. 13-1).  Reynolds also seeks production of agreements and other documents to which

13

members of the Vines family were parties.  *See* Req. for Production Nos. 76 (seeking production of "all contracts, guarantees, or other transactional documents" to which Alan, Lori, and/or Jeremy Vines were parties), 77 ("all letters, electronic mails, text messages, instant messages, voice messages, communications, electronic communications, or other documents" related to "contracts, guarantees, or other transactional documents" to which Alan, Lori, and/or Jeremy Vines were parties); and 78b[5] ("all personal guarantees for the benefit of" Alan, Lori, and/or Jeremy Vines).

In light of the current posture of these post-judgment enforcement proceedings, the Court is not inclined to compel Alan Vines Automotive to produce documents that concern other business organizations or members of the Vines family in their personal or individual capacities. Reynolds has not made a preliminary showing that all of the documents it seeks concerning non-parties are in Alan Vines Automotive's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1)(A).  More than that, it is appears to be undisputed that none of the other companies or the individual members of the Vines family were parties to the contract between Reynolds and Alan Vines Automotive.  As such, none of these additional persons or entities was a party to the underlying arbitration, Reynolds' suit in the Southern District of Ohio, or this action to enforce Reynolds' judgment against Alan Vines Automotive.  Among the non-parties, only Alan Vines has received formal notice of this proceeding and entered an appearance.

In short, Reynolds may very well be entitled to this discovery.  However, the Rules of Civil Procedure provide for means of obtaining information from the non-parties other than discovery devices propounded on Alan Vines Automotive.  Generally speaking, a party can serve

---

[5] Reynolds' requests for production actually contain two requests numbered as Request Number 78.

non-parties with requests for production by subpoena under Rule 45, and not through a Rule 34 request propounded on an actual party to the action.  *See* Fed. R. Civ. P. 34(c); *Elvis Presley Enters., Inc. v. City of Memphis, Tenn.*, No. 2:18-cv-02718, 2020 WL 4015476, at *12 (W.D. Tenn. July 16, 2020) (citing *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 398 (E.D. Mich. 2019)). Reynolds has not shown that it has served any of the other non-parties with a subpoena for any of the documents listed in its requests for production.  Therefore, the Court's order compelling Alan Vines Automotive to respond is confined to requests for production addressed to the business and operation of Alan Vines Automotive, not the additional persons and businesses listed in Reynolds' requests for production.

This just leaves Reynolds' request for sanctions.  Reynolds argues that the Court should sanction Alan Vines Automotive for its failure to respond to discovery.  When a district court grants a motion to compel discovery responses, the court must award the moving party its "reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. Pro. 37(a)(5)(A).  Rule 37 obligates the party "whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay" the expenses.  *Id*.  An award of fees is not required if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id*.  Federal Rule of Civil Procedure 37(a)(5)(C) counsels against the payment of expenses when a court grants only partial relief. Fed. R. Civ. P. 37(a)(5)(C).  Because the Court is not granting Reynolds' Motion to Compel in full, the Court finds that an award of sanctions is not warranted.

**CONCLUSION**

Reynolds' Motion to Compel is **GRANTED** but only as to its requests for production addressed specifically to Alan Vines Automotive.  Alan Vines Automotive is ordered to prepare and serve responses to the requests for production within twenty-eight (28) days of the entry of this order.

**IT IS SO ORDERED.**

**S/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 28, 2020.