**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| THE REYNOLDS & REYNOLDS ) <br> COMPANY, INC., ) <br> ) <br>       Plaintiff, ) <br> v. ) <br> ) <br> ALAN VINES AUTOMOTIVE OF ) <br> JACKSON, LLC, ) <br> ) <br>       Defendant. ) | No. 1:20-mc-0003-STA |

**ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS
ORDER COMPELLING RESPONDENT ALAN VINES TO RESPOND TO DISCOVERY**

Before the Court is Plaintiff The Reynolds & Reynolds Company, Inc.'s ("Reynolds") Motion for Contempt and Sanctions (ECF No. 28) filed November 13, 2020. Reynolds seeks a court order to hold Defendant Alan Vines Automotive of Jackson, LLC ("Alan Vines Automotive") as well as Alan Vines in his individual capacity in contempt for their failure to comply with a previous court order. On September 28, 2020, the Court entered an order granting in part Reynolds' motion to compel (ECF No. 26) post-judgment discovery responses. The Court ordered Alan Vines Automotive to respond to Reynolds' discovery requests and gave it twenty-eight (28) days to comply. The Court specified that Alan Vines Automotive's duty to respond was "confined to requests for production addressed to the business and operation of Alan Vines Automotive, not the additional persons and businesses listed in Reynolds' requests for production." Order Granting in Part Mot. to Compel 15, Sept. 28, 2020 (ECF No. 26). According to Reynolds, Alan Vines Automotive failed to provide its discovery responses in

1

defiance of the Court's order. Reynolds therefore argues that the Court should find Alan Vines Automotive and Alan Vines in his individual capacity in contempt and impose appropriate sanctions.

Just as he did in response to Reynolds's motion to compel, Vines has responded to the Motion for Contempt in his individual capacity and not on behalf of Alan Vines Automotive. Vines largely raises the same arguments or objections the Court heard and considered in deciding the motion to compel: Alan Vines Automotive is no longer a going concern, the company was insolvent at the time it wound down its affairs, Reynolds already has in its possession much of the documentary proof it seeks in its requests for production, and Reynolds can access all of the financial data on Alan Vines Automotive from software the company leased from Reynolds. Reynolds' initial brief did not address the legal standard appropriate for a finding of contempt or the sanctions warranted for contempt of court.

At the conclusion of the parties' opening round of briefing on the Moton for Contempt, the Court determined that additional briefing from the parties would assist the Court in deciding the Motion. The Court directed Vines to address the following issues: (1) to present evidence to support his claim that the LLC was dissolved in accordance with applicable law and show what effect, if any, the LLC's dissolution had on Reynolds' request to obtain post-judgment discovery and demand for sanctions against Alan Vines Automotive; (2) to address Reynolds' argument that the Court should hold Vines in contempt in an individual capacity for the failure of Alan Vines Automotive to comply with the Court's discovery order; and (3) to raise any other arguments or present evidence Vines wanted the Court to consider in deciding Reynolds' Motion for Contempt. The Court gave Vines 14 days to file his supplemental brief and Reynolds 14 days from the service of Vines' supplemental brief in which to file a reply.

The parties have now completed this round of supplemental briefing. In his supplemental response, Vines continues to argue that he should not be held in contempt for Alan Vines Automotive's failure to obey the Court's order compelling it to produce discovery to Reynolds. Vines emphasizes that Alan Vines Automotive was organized under Tennessee law as a member-managed, limited liability company. While Vines acknowledges that he was a member of the company, he argues that the LLC form shielded him from any individual liability for the obligations of the company. Vines also stresses that Alan Vines Automotive was administratively dissolved in 2019 and that the company was insolvent at the time of its dissolution. Vines contends that after the dissolution of the LLC and the winding down of its affairs, the company's existence was terminated as a matter of law. At that point, Tennessee law no longer required any member of the LLC to defend any claims against the company. In other words, Vines as a member of Alan Vines Automotive is not required to cooperate in these post-judgment discovery proceedings against the now-terminated company. Reynolds cannot show then that Vines violated a definite and specific court order directing him to take some action. Therefore, the Court should not hold him in contempt for any failure to comply with the Court's previous orders.

In its supplemental reply brief, Reynolds argues that the Court's previous order clearly compelled Alan Vines Automotive to respond to specific discovery requests. As a business organization, Alan Vines Automotive can only act through its members like Vines. Reynolds concedes that the Tennessee Secretary of State has administratively dissolved Alan Vines Automotive. However, Reynolds argues that an LLC continues to exist until it files articles of termination. At this point in the proceedings, Vines has not offered any proof that Alan Vines Automotive has filed articles of termination. The Court's order granting Reynolds' motion to

3

compel clearly required Alan Vines Automotive to respond to discovery and only Vines himself has the capacity to act on behalf of the LLC. Reynolds argues then that the Court can and should hold Vines himself in contempt of the Court's order granting Reynolds' motion to compel.

## STANDARD OF REVIEW

"Federal courts have broad contempt power, which exists for the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts." *Brown v. City of Upper Arlington*, 637 F.3d 668, 671 (6th Cir. 2011) (quoting *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)). Contempt of court is a "weapon" in a court's "arsenal" to ensure compliance with an order or judgment of the court. *Elec. Workers Pension Tr. Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378–79 (6th Cir. 2003). Federal courts use the contempt power to "enforce the message that court orders and judgments are to be complied with in a prompt manner." *Paterek v. Village of Armada, Mich.*, 801 F.3d 630, 643 (6th Cir. 2015) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). The Supreme Court has described the inherent power "to punish for contempts" as "a necessary and integral part of the independence of the judiciary" and "absolutely essential to the performance of the duties imposed on them by law." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

A civil contempt sanction may serve the purposes "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)); *see also Gnesys, Inc. v. Greene*, 437 F.3d 482, 493 (6th Cir. 2005) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). A party moving for civil contempt has "the burden of establishing by clear and convincing evidence that

4

[the non-moving party] 'violated a definite and specific order of the court requiring [the non-moving party] to perform . . . a particular act or acts with knowledge of the court's order.'" *CFE Racing Prods.*, 793 F.3d at 598 (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)).  A court must resolve any ambiguities in the prior order in favor of the party charged with contempt.  *Paterek*, 801 F.3d at 643 (citing *United States v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007)).

In the absence of an ambiguity, court decrees "mean rather precisely what they say." *Id.* (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)).  "Since the purpose [of civil contempt] is remedial, it matters not with what intent the defendant did the prohibited act." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  In other words, "[g]ood faith is not a defense in civil contempt proceedings." *Greene*, 437 F.3d at 493 (citing *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991)).  Perhaps not surprisingly, "[t]here is no requirement to show intent beyond knowledge of the order." *CFE Racing Prods.*, 793 F.3d at 598 (quoting *In re Jaques,* 761 F.2d 302, 306 (6th Cir. 1985)).

## ANALYSIS

The issue presented is whether the Court should hold Alan Vines Automotive or Alan Vines in his individual capacity in contempt of court for Alan Vines Automotive's failure to comply with the Court's discovery order.  Reynolds has registered in this District a judgment it holds against Alan Vines Automotive, a Tennessee limited liability company that formerly operated auto dealerships in Jackson, Tennessee.  Reynolds is pursuing post-judgment discovery from the LLC to ascertain whether it still holds any assets in this District.  The Court granted Reynolds leave to pursue discovery from Alan Vines Automotive and has ordered the LLC to respond to Reynolds' written discovery requests.  The company has not responded and has

5

otherwise failed to comply with the Court's order, so Reynolds now moves to hold the LLC in contempt. Reynolds also seeks a contempt finding against Vines in his capacity as a member of the LLC. On the surface each of these features of the case is fairly ordinary and unremarkable.

However, this neat summation does not tell the full story. Alan Vines Automotive has not only failed to respond to Reynolds' discovery requests. The LLC has not appeared in these proceedings or responded in any way to Reynolds' requests for relief against it. Instead, Alan Vines himself has responded in his individual capacity, not on behalf of the company, to address Reynolds' motions. Vines' opposition boils down to two arguments: his company no longer exists and presently lacks any assets to retain counsel to represent it before this Court (and by implication, to satisfy its judgment debt to Reynolds). Vines has offered proof that the LLC is no longer an active business organization and that the company was insolvent by the time the Tennessee Secretary of State dissolved the company administratively in 2019. Reynolds does not actually dispute either of Vines' contentions; Reynolds just wants to discover the LLC's financial position prior and leading up to Vines' decision to sell his auto dealerships.

The Court does not find Vines' position entirely convincing. First, Vines asserts that as a matter of Tennessee law, his company ceased to exist when the Secretary of State took the ministerial step of dissolving the LLC administratively in 2019. Tennessee's Revised Limited Liability Company Act gives the Secretary of State the authority to dissolve an LLC administratively in certain limited situations. *See* Tenn. Code Ann. § 48–249–605 (requiring the secretary of state to serve an LLC with written notice of his determination that a specified ground for dissolution exists and to issue a certificate of dissolution if the LLC fails to take corrective action within two months); § 48–249–601(a)(7) (listing the secretary of state's actions under § 48–249–605 as one of the events causing the dissolution of an LLC). Vines has introduced an

unverified copy of what appears to be publicly available information about Alan Vines Automotive on file with the Tennessee Secretary of State. The exhibit indicates that the administrative dissolution of Alan Vine Automotive occurred on August 6, 2019. Ex. 1 to Vines' Supp. Resp. (ECF No. 31-1).

But for purposes of Tennessee law, an LLC's administrative dissolution is not the same thing as termination. As the Court explained in its order granting Reynolds' motion to compel, "[a]n LLC administratively dissolved continues its existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under § 48–249–601 and notify claimants under § 48–249–611." Tenn. Code Ann. § 48–249–605(c). The LLC only ceases to exist when articles of termination are filed on behalf of the LLC. § 48–249–608(a)(2); *see also Bowers v. Estate of Mounger*, 542 S.W.3d 470, 483 (Tenn. Ct. App. 2017) ("Only upon the filing of such articles of termination does the LLC cease to exist."). Even then, the termination of the company does not extinguish liabilities the LLC incurred prior to its termination. § 48–249–614 ("[T]he termination of the LLC existence shall not take away or impair any remedy of or against the LLC or its members, directors, managers or officers for any right or claim existing, or any liability incurred, prior to such termination."). Based on these provisions of Tennessee law, Alan Vines Automotive may have been administratively dissolved. However, Vines has not shown that his company ever filed articles of termination to bring finality to its legal affairs or that its administrative dissolution somehow shields the company from legal actions to recover a debt or enforce a judgment. Vines' claim that the LLC cannot produce post-judgment discovery because the company no longer exists does not settle the question.

This leaves Vines' other main contention that his LLC was insolvent at the time of its dissolution. Vines has shown that the company held no assets at the time it filed its final tax returns. According to an affidavit from the firm that prepared the LLC's final tax return in 2018, the LLC had an equity/capital deficit of $3,759,660, and the deficit was not the result of any distributions to any member of LLC. Vawter Aff., ex. 2 to Vines' Supp. Resp. (ECF No. 31-2). And there is no indication that the LLC has had any income or conducted any other business since that time. Vines has shown that the Tennessee Department of Revenue closed Alan Vines Automotive's sales and use tax account and its franchise and excise tax account in December 2018 and its business tax account in January 2019. Notice of Account Closure, ex. 1 to Vines' Supp. Resp. (ECF No. 31-3).

The LLC's lack of assets obviously has bearing on Reynolds' quest to collect what the LLC owes it. After all, Reynolds's pursuit of post-judgment discovery is to ascertain the existence of any assets still held by Alan Vines Automotive from which the judgment debt owed to Reynolds could be satisfied. But the fact that the LLC is now dormant and holds no assets also suggests that the LLC will not actually be heard in these proceedings. An LLC like Alan Vines Automotive cannot represent itself in federal court but must act through counsel. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (construing 28 U.S.C. § 1654 to prohibit "pro se litigants from trying to assert the rights of others," including business organizations); *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (applying the same reasoning to LLCs). For purposes of post-judgment discovery, Vines has all but said that his defunct company cannot and will not respond to Reynolds's discovery requests, and Reynolds has not cited any authority to show that the Court can hold a dissolved LLC in contempt for its failure to obey court orders.

"Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." *United States v. Rylander*, 460 U.S. 752, 757 (1983). If Alan Vines Automotive does not have the wherewithal to retain counsel or participate in discovery, holding the company in contempt will likely be an exercise in futility.

Perhaps in recognition of these facts, Reynolds now seeks a contempt finding against not only Vines' company but against Vines himself. Reynolds does not seriously dispute the fact that Alan Vines Automotive holds no assets now. Reynolds wants to discover what assets the company may have held before Vines sold his auto dealerships and thereby determine whether Vines went about the sale in such a way so as to render Alan Vines Automotive insolvent. In light of the broad sweep of Rule 69, the Court has held that Reynolds is entitled to the discovery and ordered Alan Vines Automotive to answer Reynolds' requests. Reynolds now wants to go further and asks the Court to hold Vines himself in contempt. Reynolds correctly argues that when a business organization is in contempt of court, federal courts can hold responsible corporate officials in contempt. Vines counters that the LLC form somehow limits his responsibility for his company's actions, and by extension, the company's contempt of a court order.

The Court finds that Reynolds has the better of this argument. It is true that Tennessee law shields a member of an LLC from personal liability for the acts of the LLC. *See* Tenn. Code Ann. § 48–249–114(a)(1)(B) ("A member, holder, director, manager, officer, employee or other agent of an LLC does not have any personal obligation, and is not otherwise personally liable, for the acts, debts, liabilities or obligations of the LLC."). Nevertheless, the Sixth Circuit has held that a federal court can hold a company's "non-party corporate officers" in contempt for a company's failure to comply with a court order "so long as they were responsible for the

9

corporation's conduct and failed to take appropriate action to ensure performance." *Gary's Elec. Serv. Co.*, 340 F.3d at 382.  The Court of Appeals has applied the same reasoning to limited liability companies and the individuals responsible for the actions of LLCs.  *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 803 (6th Cir. 2017) (citing *Gary's Elec. Serv. Co.*, 340 F.3d at 382).  The Court concludes then that an LLC member like Vines can be held in contempt of court for the LLC's failure to obey a court order.

Just because the Court can hold Vines in contempt for his defunct LLC's failure to obey the Court's discovery order does not mean the Court should do so.  Reynolds still has the burden to show that Vines was responsible for Alan Vines Automotive's failure to produce discovery and failed to take appropriate action to make sure the company complied with the discovery order. *Gascho*, 875 F.3d at 803.  At this point, Reynolds has not discharged that burden. Reynolds must show that Vines "violated a definite and specific order of the court requiring [him] to perform . . . a particular act or acts with knowledge of the court's order."  *CFE Racing Prods.*, 793 F.3d at 598 (quotation omitted).  In its motion to compel Alan Vines Automotive to respond to its discovery requests, Reynolds sought an order to compel the company or in the alternative Alan Vines himself to comply.  The Court granted the motion to compel but only in part.  The Court declined Reynolds' request to order Vines to take action and to obtain discovery about other businesses owned by Vines or members of his family.  The Court only ordered the LLC to prepare responses to the discovery, and only as to requests for information about the LLC's business dealings.

So even assuming Vines had a duty to ensure that his company complied, the Court cannot find that the order unambiguously compelled him in his individual capacity to take action. *Paterek*, 801 F.3d at 643 (holding that a court must resolve any ambiguities in the prior order in

10

favor of the party charged with contempt). The legal authority undoubtedly exists to hold a member of an LLC who is responsible for the acts of the LLC in contempt when the LLC fails to comply with a court order. However, in light of the fact that the Court's previous order did not compel Vines himself to take any action, Reynolds has not shown that Vines personally violated a "definite and specific" directive from the Court. As a consequence, Reynolds cannot show that a sanction against Vines himself would rectify any actual loss to Reynolds caused by Vines' "contumacious conduct." *Gascho*, 875 F.3d at 803 (holding that contempt fines against an individual officer is warranted "only when (1) they are intended to compensate for actual losses, and (2) the actual losses compensated for were caused by the officer's contumacious conduct") (citation omitted). Under the somewhat unusual facts of this case, the Court declines to hold Vines personally in contempt of court. For all of these reasons, Reynolds' Motion for Contempt is **DENIED**.

This still leaves the question of how to enforce the previous discovery orders of the Court. Because the Court now finds that continuing to order Alan Vines Automotive to act as part of these post-judgment discovery proceedings may be futile, the Court finds good cause to order Vines to produce the discovery Reynolds seeks from Alan Vines Automotive. The Court is satisfied that it has personal jurisdiction over Vines in his capacity as a member of the LLC.[1] As the Court has already explained, Reynolds is entitled to the discovery, and Vines has not shown

---

[1] Vines has questioned whether the Court has personal jurisdiction over him, apparently because he resides in Franklin, Tennessee, which is located in the Middle District of Tennessee. *See* Vines' Supp. Resp. 7 (ECF No. 31) ("This situation presents procedural issues of (i) personal jurisdiction over Mr. Vines . . . ."). This passing reference is the full extent of Vines' argument over jurisdiction. The Sixth Circuit has held "that courts have personal jurisdiction over non-party corporate officers who have notice of an injunction directed at their company and its contents." *Gascho*, 875 F.3d at 803 (citing *Gary's Elec. Serv.*, 340 F.3d at 380). The Court is

that articles of termination were ever filed on behalf of his company. Vines has also not indicated that the LLC's records no longer exist or that he cannot access and produce the discovery the Court has compelled Alan Vines Automotive to produce. Therefore, the Court now orders Vines to comply with the Court's September 28, 2020 order granting in part Reynolds' motion to compel and respond to "requests for production addressed to the business and operation of Alan Vines Automotive . . . ." Order Granting in Part Mot. to Compel 15, Sept. 28, 2020 (ECF No. 26).

## CONCLUSION

Reynolds has not carried its burden to show why the Court should hold Alan Vines Automotive or Alan Vines in his individual capacity in contempt. Therefore, the Motion for Contempt is **DENIED**. The Court will order Alan Vines to comply with the Court's previous order to respond to Reynolds's requests for production concerning Alan Vines Automotive. Vines is ordered to prepare and serve responses to the requests for production within twenty-eight (28) days of the entry of this order.

**IT IS SO ORDERED.**

                                              s/ S. Thomas Anderson
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: February 26, 2021.

---

satisfied that it has personal jurisdiction over Vines who does not dispute that he was a member of Alan Vines Automotive.